Case No. 14-1379, Kimberly Johnson v. Doodson Insurance Brokerage, et al. Oral argument not to exceed 15 minutes per side. Alan Parer for the appellant. You may proceed. Thank you. Good morning, Your Honor. It's a pleasure to be here this morning. May it please this Court, the Sixth Circuit, through a different panel, has already addressed the issue that is presented in this case, in a companion case involving the Cleveland Indians. And in that case, the Court reversed Judge Cox of the Eastern District of Michigan and held that the Cleveland Indians, as third parties to a contract, had a cause of action because it was reasonably foreseeable that if the insurance broker did not purchase liability insurance to cover the event, that there could be harm to the Cleveland Indians. The Cleveland Indians were named as an additional insured, were they not? I agree, Your Honor, but I don't think that that was the basis of the holding, if you read the Sixth Circuit opinion. I don't think they said it because they were— privity is not required under Michigan law in that regard, and I don't think that that was the basis that they held it. Based on the auto owner's case, that it was foreseeable that if there was a negligent failure to procure insurance, the Cleveland Indians could be harmed, and they did not require privity or the fact that they were an additional insured. The auto owner is under the no-fault insurance regime, is it not? It is. However, I don't think that is applicable to the issue in the case. Because the case involves liability, and whether a company is required to purchase no-fault insurance or not is irrelevant to the tort claim that was involved. And in that case, you had a company purchasing liability insurance for a limousine that they operated. Passengers in the limousine were injured. The company that was hired to purchase the liability insurance failed to do so or purchased it starting at a later date. Under no-fault, a company stepped in and paid the claim of the passengers and then became a sub-briguee of the passengers on a third-party case against the broker. So the no-fault statute didn't affect the auto owner's decision. It wasn't because this was no fault or not that they reached that decision. Under Texas law, privity is required, right? That's true, but not for an intended third-party beneficiary theory. Because Michigan and Texas are the same, and Judge Cox held, and there's been no challenge to it, that there's a false conflict between Michigan law and Texas law. So Michigan law applies. And I think a third-party beneficiary cause of action is broader than negligence because all it requires is somebody breaches a contract and harms an intended third party or foreseeable third party. Negligence requires negligent breach of contract. So third-party beneficiary theory, in this case, is much broader than just a negligence theory. Can I ask a question just to orient myself as to the various issues because there are difficult choice of law issues that appear to be presented? If it were the case that we would hold, and I'm not saying we would, I just wanted to understand the issues. If we were to hold that under Michigan law, you could not prevail under either of the two theories here, negligence or third-party beneficiary. If that were the case, then we would not have to reach the conflict of law question at all. Is that correct? That's correct. Thank you. But what I'm saying is that under the third-party beneficiary theory set forth in the auto owner's case, which was the Court of Appeals in Michigan, we are, the Johnson's stand, they have the exact same status that the Cleveland Indians had in the other case, and it would be a manifest injustice to hold . . . It's not exactly the same as the Cleveland Indians, though, for the reason that Judge Gilman just gave. Well, again, but I don't think that the fact that they were an additional insured, privity is not required in Michigan, and that really wasn't the basis. You have other basis for that? Pardon me? Other than the Cleveland case and the auto no-fault case, are there cases saying privity is not required in this kind of context? Because it does seem like a contractual . . . I think this Court said that. If you look at the companion case, I believe Judge Merrick . . . The companion case, that's what I'm asking. Because the companion case is arguably distinguishable, I'm wondering if there are other cases that say that, and you're saying . . . That there's no privity? Is that privity is required here because the very nature of the negligence is contractual? I believe that they say that in the auto owner's case, and I think there's numerous cases that have cited it. I don't think there's any issue in this case. I'm asking. It's argued in the briefs. Maybe it's not the main argument, but it's argued. That they require privity to be a third-party beneficiary in Michigan? Yeah. Not argued. I don't believe that that's . . . I'm asking if it's argued. How do you distinguish . . . I don't know if I'm pronouncing it correctly. The Michigan Supreme Court 2003 decision was like Schmaltfeld versus North Point Insurance Company. This was the bar fight. Schmaltfeld case, totally different insurance. Liability insurance, which is what was contracted for in this particular case that we're arguing today, is to protect the insured from any claims for personal injury or for property damage caused by the negligence of the insured. In the Schmaltfeld case, the bar owner purchased what is called medical payments coverage, which provides, basically, it's an elective thing where the bar owner would decide, we're going to pay, without fault, we're going to pay this person $1,000 because he was injured at the bar. It is different than a liability insurance because it is elective. The third party would have no right. It's the bar owner would have the right to decide this should be paid or not. But, you know, in this particular case, if I understand it right, the broker, there was an option to insure the patrons attending, and they elected not to cover those patrons. That is incorrect. If you look at the application, that only applied to medical payments coverage, same as in Schmaltfeld. They weren't going to provide a separate medical payments coverage. Liability, absolutely, that was the essence, the basis of the bargain, that the Dootson CSI was going to provide comprehensive liability insurance to insure against any claims for negligence against the insurer. Right, but wasn't the beneficiary, though, National Pastime Sports? True, but that's the whole point of third party beneficiary law. If it's reasonably foreseeable, or if you are an intended beneficiary of a contract between NPS and Dootson, and you are recognized to be an intended beneficiary, then you have the same rights as the contracting parties. The Michigan cases require you to sufficiently describe that third party class. How is that true here? Because in the contract of purchase insurance, it is specifically to cover things that happen during the fund day event, including what happened in this case, a slide falling over and killing somebody. Things that happen at the event is describing a class? How is that describing a class? That's describing an event. It's describing the negligence, it's describing the actions of the insured NPS, which was found to be negligent in this case, and claim arising out of their negligence in running the fund day event. If you injure somebody because of your negligence, that would be covered under a general comprehensive liability insurance policy. So you agree with me the Michigan cases, I'm quoting, require you to sufficiently describe the third party beneficiary class. So tell me how that's described here. And so far you've said because it refers to an event. I don't understand how that describes a class.  They're required to purchase insurance to cover claims arising out of negligence or things that happen at the kids' fund day event that is being put on. And we describe in the complaint that Mr. Johnson was attending a Cleveland Indians baseball game and happened to be standing on a sidewalk when a giant slide that was negligently constructed fell over on him and caused his death. And that is that we describe that he would be covered under a general comprehensive liability insurance. It's not incidental people, people that were, you know, not involved at the kids' fund day event that would be covered. It's only if the class of people would be just those people who were injured as a result of activities at the kids' fund day event. That's the class, and he's part of that class. Can I ask you an orientation question, not unlike Judge Rogers? If Texas law applies to the negligent procurement claim, then would you agree that even if Michigan law applies to the third-party beneficiary breach of contract claim, that auto owners is irrelevant as to that? No. In other words, auto owners is a negligence case is what I'm saying, and so I'm wondering how that bears on the breach of contract claim. That's, I guess, my question. Actually, auto owners was both, and I will read you from the case. It was not just a negligence case. Okay. They say here, first of all, they talk about most of the jurisdictions have considered whether an injured third-party may bring an action against an insurance agent have permitted such a claim. Some of these decisions relied upon a negligence theory and some on a third-party beneficiary theory and some on both. Then they go on there and say, in order to have standing to sue, in this case under a third-party beneficiary theory, plaintiff claimant's subrogee must show that the claimants were intended beneficiaries of the alleged contract between Conway and Central Insurance. And they go on to hold, we agree with the above jurisdictions that said when Conway attempted to purchase insurance for the Lincoln, intended beneficiaries of the alleged insurance contract included unspecified passengers in the car, such as claimants. Accordingly, plaintiff has subrogee of the claimants has standing to sue Central Insurance under a third-party beneficiary theory. So that was, they found on both. This is the Court of Appeals case, right? This is the Court of Appeals in Michigan. They found on both. I have a question about negligence. I hate to keep going back and forth between the two issues, but if it's not interrupting your training. Yeah, but you thought it was, you think they resolved it on both grounds? That's what they said. So they're both dicta. Pardon me? One dicta then? No, they found that they met the criteria for cause of action under both theories. Okay. Well, I'll reread it. Go ahead. My question about, you say, I'm talking now about the negligence claim under Michigan law. Okay. You say that your opposing counsel just doesn't argue it, and I'm wondering what pages 31 to 35 are all about. Because he says, even if Michigan law applies, the district court's order dismissing it should be affirmed. Talks about Cleveland Indians baseball and auto owners and says that the Court of Appeals case in auto owners isn't persuasive because they're Supreme Court cases in Lewicki and Fultz. So my first question is, how can you say that they don't argue it? Is that a different thing that they're arguing from what I was asking about? I'm not sure you were asking me about privity, I thought. Yeah. Those cases, those cases. Well, that's the first part of my question is, don't they argue that if Michigan law applies, you still lose because privity is required in a contract claim, in a negligence claim where the nature of the claim is that you violated the negligent performance of a contract, is what they say is not a valid cause of action. I don't see how that's different from saying you need privity of contract in order to recover. I don't think there's a case they cited in Michigan that holds that. Well, how do you second that? But they do argue it. Okay, I guess they do. How do you respond to their argument? They cite the Lewicki case and the Fultz case. Nothing to do with the issue of privity in those cases. The Fultz case was a contract. Those are negligence, by the way, not on third-party beneficiaries. That's what I started my question with, talking about negligence under Michigan law. I said, do they make an argument about negligence under Michigan law that says you lose a case like this under Michigan law? And they say, well, under Lewicki and Fultz you lose, apart from whether you call that a privity case or not. What's your answer to that? That's my question. I'm just trying to give you the chance to respond to their argument rather than saying they don't argue it. Okay, well, all I can say is that on a third-party beneficiary theory. I'm talking negligence now. A negligence theory. I don't think the Fultz case or the Lewicki case says that you need privity to be a third party in a negligent procurement of insurance case. I've read the cases. They don't hold that. All right. Okay, your time is up. Thank you. Good morning, and may it please the Court. Trent Collier for Doodson Insurance Brokerage of Texas. This is a case in which a Pennsylvania resident is suing a Texas company as the alleged successor of another Texas company for an accident that occurred in Ohio and is arguing that the case is governed by Michigan law. The only connection between this case and Michigan is that the plaintiffs chose to file their action there. This is forum shopping. The district court correctly held that the negligence claim fails under Texas law and that the breach of contract third-party beneficiary claim fails under Michigan law, but the truth is these claims fail under the law of both states. I'd like to respond to a few issues that came up during the appellants portion first. The appellants began by talking about the Cleveland Indians case and said that that case was based on the auto owners case. In fact, this court in Cleveland Indians didn't cite auto owners once. Auto owners is not the basis of that case. What the court held is that because the Cleveland Indians were named in the certificate of insurance as an additional insured, that they had the sort of privity that was required to state a claim. And the reasons that is important under Michigan law, and Judge Rogers, I think this goes to one of the points you were making about whether Michigan requires privity. The Michigan Supreme Court in 2007 issued an opinion. It's called NRA Certified Question from the Texas Court of Appeals, where the question there was, what do you need for a valid tort claim? And the Michigan Supreme Court said the first and most important requirement of any tort claim is a relationship between the parties. Unless you have one, you don't have a tort claim. And so that's the key case here under Michigan law. But sometimes a tort results from a relationship that comes from the nature of what you did. I mean, if you drive down the street negligently and you hit somebody that you never heard of, maybe you didn't even see him. What's the relationship? The relationship comes from the fact that you're driving carelessly down the street, right? Well, I think it comes from the fact that in that case that you collided with the other party. You actually dealt with that party. But when you have a case where the party is negligent. It's sort of artificial to say you have to have a relationship in all cases, right? The relationship can come from the injury caused by your negligence. Except in this case. In this case you're talking about a contract case. That's the difference. This case is a contract case. Right, right. How do you read auto owners? Do you read it as doing breach of contract and negligence? I think, yes, I think the court did talk about both claims. But here's why auto owners doesn't matter to this case. Under Erie, the court's project is to ascertain what the Michigan Supreme Court would make of this case. And on the negligence claim, there is a direct conflict between auto owners and Schmaltfeld. And the Schmaltfeld case is from the state's highest course. And, of course, that carries the day. And it's not only an issue of case law. The problem with auto owners on the third-party beneficiary. Is Schmaltfeld a negligence case? Schmaltfeld was a third-party beneficiary case. So then if Michigan law applies to the negligence claim, why don't they win under auto owners? Now, I know you say Texas applies. Maybe that's right. But just for sake of argument, Michigan law applies. Why doesn't auto owners control then? Because auto owners is contrary to current law. The key cases from the Michigan Supreme Court are the Lowe, Wiecki, and Fulch cases. And in those cases, the state's highest court said unless you have a duty separate and distinct from a contract, you have no tort claim. And so what these cases did is you can't take a contract and as a third party base a tort claim on a contractual party's failure to perform. You have to have a duty separate in tort. Auto owners doesn't hold that. And so it's contrary to current law. So that's why it fails on the negligence claim. Either contrary to current law or it's distinguishable because it arises in a no-faults context. Right. And as we tried to argue in our briefs, I do think there's a difference between a policy that one is required to buy as a matter of law and a policy that one purchases as a choice. Is that a distinction that works under negligence? Yeah, I don't understand what it means. That would only go to the third party beneficiary theory. And it's relevant under the third party beneficiary theory because Michigan law requires that the parties can directly intend to benefit this third party. The key word there is directly. So unless, and not only that, but there has to be something in the papers, in the contracts themselves that show that the parties intended to benefit this third party. The plaintiffs in this case have never pointed to any document or any clause that would show any intent to benefit them. So I hope I'm answering the question. But that is the reason why, and actually I wanted to go back. The reason why auto owners isn't relevant to the third party beneficiary theory is because auto owners never deals with the statute that controls this issue. NCL 600-1405, it defines when a party is a third party beneficiary. Schmaltfeldt deals with that and applies that. Auto owners doesn't. So not only should the court look at Schmaltfeldt because it's from the state's highest court, but because that case gets it right. That case looks at the policy created by Michigan's legislature. Your opposing counsel says, well, that Schmaltfeldt is not, is distinguishable because that involved only medical expenses. Well, I mean, you can look at any case and find some facts that make it different from this case. You could say the same thing about auto owners. That case is different because it applies to no fault. So there are different policies, but the reason why Schmaltfeldt is factually similar to this case is because this case and Schmaltfeldt involve voluntary insurance. Auto owners deals with compulsory insurance, and that matters because when a party voluntarily chooses to buy an insurance policy, they're doing it to benefit themselves. They're not intending to confer a benefit directly on a third party unless that's spelled out, which it's not here. What about the fact that, I'd ask opposing counsel about, what about the fact that the application that would have allowed coverage for patrons, but it wasn't chosen, but he says that also was just medical expense. Right, but the key thing about Schmaltfeldt is the question that the court dealt with is, when is a party, a third party beneficiary under a voluntary insurance policy? And the court applied MCL 600-1405 and said that it's only when the contract itself, where you can look at the contract and see something that confers a benefit directly on this third party. And that's never even been pleaded here. I said at the outset we win under either set of laws for either set of claims, and I guess I might agree with you on three of the four. I think if Texas law applies, you win under the negligence claim. Texas law applies, you win under the breach of contract claim. Michigan law applies to the breach of contract. I think you win on that one. I think the one that's open for debate is Michigan and negligence. So maybe you ought to push a little harder on the, talk a little bit more about why Texas law applies to the negligence claim. Well, so there's really no dispute about that we have this two-step choice of law test. There is a conflict between Texas law, which requires privity to state a negligence claim against an insurance agent, and Michigan law, which as this court predicted in the Cleveland Indians case, would not require that. So you have a conflict, so you have to look at which state has the greater interest. Michigan's interest in this case, I think the key case on that point is the Michigan Court of Appeals opinion in the Friedrich case, where the court said when you have an out-of-state plaintiff coming in and trying to use this state's law, Michigan doesn't have an interest in protecting that out-of-state plaintiff. And in fact, according to this court's opinion in standard fire, even if the plaintiff did reside, there probably wouldn't be enough interest here. There has to be something more, and Texas has that something more. And what it is, is this claim is clearly barred under Texas law. The plaintiff has never claimed otherwise. This claim does not have legs under Texas law. The defendant is based in Texas, and Texas has an interest in prohibiting claims that Texas has decided as a matter of policy cannot be brought against a Texas insurance agent. I want to address one issue that was raised in the plaintiff's reply brief in this case. The plaintiff argued in the reply brief for the first time that the reason Texas law doesn't apply is because the defendant's parent company is based in the UK. This argument was waived because it was never raised until the reply brief in this court. And of course, it's contrary to the plaintiff's own complaint, which states that the defendant is a Texas company. And of course, there's no veil-piercing claim here. So this whole argument about we're actually dealing with a UK company is not valid. There's a sort of perhaps academic dispute about whether you need an actual conflict between the laws of different states before you get to the restatement section 188 factors. I'm not aware of any case that requires a conflict in the context of a breach of contract claim. Every case that the plaintiffs have cited to say that you need an actual conflict is a tort case. So for these reasons, we would submit that the district court's judgment should be affirmed. Unless the court has further questions. Thank you. Yes, Your Honor. I just have a few points. It is the height of irony in this case that Dootson is accusing us of foreign shopping when the original other case was pending and CSI, Dootson, and NPS entered into a secret agreement among themselves and they dropped NPS out of the case. The only parties left in front of the Sixth Circuit were Cleveland Indians, out-of-state plaintiff from Ohio, and CSI in that case. CSI didn't challenge and say, oh, Texas law applies to this because they thought they were going to win because Judge Cox had ruled for them below and they won the case. Isn't it interesting when the Sixth Circuit reversed Judge Cox and said that the Cleveland Indians did have a case, all of a sudden Dootson pops up and says, oh, Texas law should apply. Talk about foreign shopping. It sounds like choice of law shopping, just to be clear. Well, he used the term— I'm not sure what was decided based on who was playing what games. No, no, I'm just saying he stood up and said we're— You may at least have limited time. Do you have other rebuttal issues? The only other thing I would say is under the third-party beneficiary law, which is the same in Texas, Judge Cox said this as well, there's no conflict. Texas recognizes intended third-party beneficiaries, the same as Michigan. Under either law, because of the false conflict, the plaintiff in this case, the Johnsons, should have a viable cause of action and not be held as a matter of law to not be intended third-party beneficiaries. And, Judge Sutton, when you asked me about that, if you look at the agreement that is attached to our complaint, the agreement talks about what they were required to do. NPS will provide comprehensive general liability insurance coverage in the minimum amount of $5 million per occurrence and $5 million in the aggregate for bodily injury and property damages covering any claims, demands, cause of action, liabilities, or damages arising out of obligations or performance by producer under this agreement. And the agreement was to run a kids' fund day. So the comprehensive insurance was to protect against claims for bodily injury arising out of their duties to set up a kids' fund day. I've had some other cases, as a judge here, dealing with Michigan law, dealing with whether it's negligent to do something while you're carrying out a contract. And I thought, before I got this case, that the distinction was roughly along the following lines. If you're carrying out a contract and you do something negligent that hurts somebody else, you may have to pay, although there's some language which is a little questionable,  in a way that violates some duty to some other person. So if you're contracted to go to three cities and purchase things and bring them home, and on the way you drive negligently and hurt somebody along the way, you still have to pay that person. You can't say, well, that's within a contract. That doesn't make sense. But on the other hand, the underlying doctrine is there when all that you're doing wrong is not carrying out the contract, not that you're carrying out in a contract in a way that causes a harm to some third party, that you still can't say, oh, well, it's not within the contract. But when the sole thing that has not been done, the sole omission, is a contractual omission. It's not an omission from driving carefully, as it were. It's just pure when, this is what I understood the distinction to be, when it's just purely you didn't carry out the contract and that causes damages because you didn't carry out the contract that you were contracted to carry out with, you can't bring that in negligence. It seems to be the distinction. And if that is the distinction, this case sure seems on one side of it rather than the other. And all you've told me is, no, it isn't, but you haven't given me reasons why it's on one side rather than the other. It sure looks like it's on the, this is just a violation of the contract side of it. Can you help me out there? Do you see what I'm asking? Well, I think that, I'm trying to understand what you're asking me, but I understand. But the Fultz case is exactly what you're talking about. The Fultz case, there was a contract to remove snow and ice from a business. Didn't do it, somebody falls. They're a third party, they have a duty. They're going to hold that on that. On the line that I'm hypothesizing that I read the Michigan, sure, that's clearly. Negligence. But it's negligence with a duty to someone else. Right. But I think the distinction is in the insurance context. Because if you don't buy the insurance to protect, that's a difference. I'm not saying whether there's cause. I'm saying whether the nature of what you fail to do, you don't have, when you shovel snow you have an obligation to do it carefully. But when you just don't do something that a contract requires you to do, you haven't done anything other than violate the contract. You haven't violated some duty to someone else. All you've not done is the contract. And that, it seems to me, Michigan law would say is not a negligence claim. Well, I agree, but I think it's a difference in the context of insurance, when you're buying insurance. Okay. Well, I've taken you beyond your time. Thank you. We appreciate your arguments. Please call the next case.